IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY DEFOREST,
    Plaintiff,

v.                                       Case No. 3:08cv498/MCR/EMT

JOHNNY CHISHOLM GLOBAL EVENTS,
LLC and JOHNNY CHISHOLM, individually,
    Defendants.
_____/

**O R D E R**

This cause is before the court upon Plaintiff's "Motion to Compel Defendants to Produce Documents Responsive to Plaintiff's Requests for Production ["RFPs"] with Incorporated Memorandum of Law" (Doc. 43), Defendants' response thereto (Doc. 48), and Plaintiff's response to Defendants' response (Doc. 49).

Plaintiff's motion to compel was filed on April 13, 2009.  And, on April 15, 2009, this court issued orders directing the parties to meet and confer regarding the issues raised in Plaintiff's motion in a good faith effort to resolve the disputed matters (Docs. 44, 45).  The court additionally ordered, in pertinent part, the following:

> If the parties are able to completely resolve the issues raised in [Plaintiff's] motion, on or before [April 22, 2009, Plaintiff] shall file a notice with the court indicating that the matter has been resolved . . . . If the parties are unable to completely resolve the dispute, [Defendants] shall file a response as directed by this court's separate order [Doc. 44].  The response shall indicate which issues, if any, were resolved during the intervening attorney conference.  Any issue that remains in dispute will be decided by the court.

(Doc. 45 at 2, ¶ 2).

Defendants' response, now before the court, simply states that Defendants served a supplemental response to Plaintiff's RFPs on April 21, 2009, and therefore, Plaintiff's motion to compel is moot (Doc. 48).  This response, however, wholly fails to comply with the court's

directive.

As noted *supra*, if the issues raised in Plaintiff's motion were fully resolved during the intervening, court-ordered, attorney conference, Plaintiff was directed to file a notice of resolution with the court. If all issues were not resolved, Defendants were directed to file a response indicating which issues were resolved and which issues remain to be resolved by the court. By Defendants' failure to follow this court's directives, and by filing a deficient response, pertinent questions are unanswered. For example, although Defendants apparently believe the disputed matters have been resolved, Defendants give no indication whether Defendants conferred with Plaintiff and were advised by Plaintiff that the supplemental response resolves the issues raised in Plaintiff' motion. Thus, based only a review of Defendants' response, Plaintiff's position on the matter is unknown.

However, after reviewing Defendants' response, Plaintiff has now filed his own response, stating that he has not received the supplemental discovery materials purportedly served by Defendants on April 21, 2009 (Doc. 49). Moreover, Plaintiff states that Defendants have advised that the supplemental materials weigh seven pounds, and therefore, they will undoubtedly take some time to review, and it will take some time to determine whether they are sufficiently responsive to Plaintiff's RFPs. Thus, Plaintiff is unable to report that all issues raised in the motion to compel have been resolved and requests that the undersigned hold the "motion in abeyance pending receipt and review of the documents, and Plaintiff will continue to make every effort to reach a resolution to this matter" (*id.* at 2). Plaintiff's request to hold the motion in abeyance will be granted to the extent that Plaintiff's motion to compel will be denied without prejudice, with leave given to refile a second motion to compel that includes only those matters that have not been resolved.[1]

---

[1] Defendants are strongly encouraged to resolve this matter without further involvement of the court. Not only did Defendants fail to comply with this court's directives, they have also missed at least one discovery deadline by a substantial period of time (as evidenced by the mailing of responses to Plaintiff's RFPs on April 21, 2009, when the RFPs were propounded by Plaintiff on February 11, 2009 (*see* Doc. 43 at 3)). If Plaintiff is required to file a second motion to compel, Defendants will likely be required to pay the attorney's fees and costs associated with the first motion to compel (*see* Fed. R. Civ. P. 37(a)(5)(A) (noting that if a motion to compel is granted or if the disclosure or requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, absent limited circumstances that do not appear to apply in this case)), and potentially the fees and costs associated with the filing of a second motion to compel by Plaintiff.

Case No. 3:08cv498/MCR/EMT

Accordingly, it is **ORDERED**:

Plaintiff's Motion to Compel (Doc. 43) is **DENIED without prejudice**.

**DONE AND ORDERED** this 23rd day of April 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**