IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY DEFOREST,
     Plaintiff,

v.                                                                    Case No. 3:08cv498/MCR/EMT

JOHNNY CHISHOLM GLOBAL EVENTS,
LLC and JOHNNY CHISHOLM, individually,
     Defendants.
_____/

**O R D E R**

     This cause is before the court upon "Plaintiff's Second Motion to Compel Defendants to Produce Documents Responsive to Plaintiff's Requests for Production, Plaintiff's Motion to Compel Defendants to Answer Plaintiff's Interrogatories, and Plaintiff's Request for Entry of an Order for Sanctions Against Defendants" (Doc. 61) and Defendants' response thereto (Doc. 68).

I.     BACKGROUND

     Plaintiff previously filed a motion to compel, in which Plaintiff asserted that Defendants had failed to timely and fully respond to Plaintiff's Requests for Production ("RFPs") and had not provided all documents identified in Defendants' initial disclosures, including mortgage applications that are central to issues raised in this action (*see* Doc. 43).  Plaintiff further stated that Defendants' assertions, as to why certain documents had not yet been produced, were belied by the deposition testimony of Defendant Johnny Chisholm (*id.*).  Thus, the court issued orders directing the parties to meet and confer regarding the issues raised in Plaintiff's motion in a good faith effort to resolve the disputed matters (Docs. 44, 45).  Following these orders Defendants filed a pleading with the court (hereafter "notice"), indicating therein that supplemental responses to Plaintiff's RFPs had been provided, and therefore, Plaintiff's motion to compel should be denied as moot (Doc. 48). However, Defendants' notice did not clarify whether the dispute was indeed resolved because Defendants gave no indication whether Plaintiff had reviewed the recently disclosed documents and

whether Plaintiff agreed that the issues raised in the motion to compel were moot.  The court therefore denied Plaintiff's motion to compel, but the denial was without prejudice to the filing of second motion to compel if Plaintiff determined that Defendants' supplemental responses were insufficient (*see* Doc. 50).  In the same order, the court strongly encouraged Defendants to resolve this matter without further involvement of the court, noting that Defendants' notice failed to comply with this court's directives and that Defendants had already missed at least one discovery deadline by a substantial period of time (*id.* at 2 n.1).  Further, the court specifically cautioned Defendants as follows:

> If Plaintiff is required to file a second motion to compel, Defendants will likely be required to pay the attorney's fees and costs associated with the first motion to compel (*see* Fed. R. Civ. P. 37(a)(5)(A) (noting that if a motion to compel is granted or if the disclosure or requested discovery is provided after the motion was filed, the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees, absent limited circumstances that do not appear to apply in this case)), and potentially the fees and costs associated with the filing of a second motion to compel by Plaintiff.

*Id.*

II.     PLAINTIFF'S SECOND MOTION TO COMPEL and DEFENDANTS' RESPONSE

A.       Plaintiff's Second Motion to Compel

In the instant motion, Plaintiff asserts that the recent documentation (i.e., the documentation provided by Defendants after Plaintiff's first motion to compel was filed) is "obviously" incomplete and fails to comply with the Federal Rules of Civil Procedure regarding discovery disclosures (*see* Doc. 61 at 3).  Moreover, Plaintiff states that attempts were made to confer with Defendants regarding the deficiencies, but Defendants failed to reply or otherwise correct or attempt to correct the deficiencies — despite this court's caution, *supra*.  Furthermore, Plaintiff asserts that Defendants' counsel has essentially acknowledged that "numerous documents" exist and should be provided to Plaintiff (presumably including documents contained in "four filing cabinets and five computers"), but the documents have yet to be provided (*id.* at 4).  Additionally, Plaintiff generally alleges that although Defendants' counsel has blamed Defendants for his inability to produce

documents responsive to Plaintiff's discovery requests,[1] depositions of Defendants' employees have revealed that no diligent efforts have been made to collect or locate responsive documents.  For example, Plaintiff states that Defendant Chisholm's office assistant, Angie Denmon, testified that she had not been asked, by either Defendant Chisholm or his counsel, to go through filing cabinets or computers to locate responsive documents.  Ms. Denmon further testified that she was not made aware of this lawsuit until she was noticed for deposition, she was not aware of an attempt by Defendant Chisholm to maintain a "green" or "paperless work environment" (as Defendant Chisholm represented in response to one of Plaintiff's RFPs and used as an excuse for failing to provide check registers or cancelled checks), she had not been asked to preserve email communications, and that in the office where she works "we don't throw away anything" (*id.* at 4–5 & n.5).  Another deponent, Cy Whitney, testified that he performed work for Defendants, such as designing and maintaining marketing materials, and that many such documents exist on Defendants' computers (*id.* at 5).

> In short, Plaintiff asserts:
>
> Such actions are flagrant abuses of discovery and warrant sanctions.  Counsel admits never talking with Ms. Denmon or other employees about documents and merely just relying on Defendant Chisholm.  This is surprising since Chisholm admitted at his deposition to not really looking for documents.  Unfortunately, this is only the first disregard for discovery . . . . .

(*id.* at 5).

Plaintiff then specifically identifies six areas of Defendants' disclosures that he contends are incomplete: 1) the recent documentation (i.e., supplemental responses to Plaintiff's RFPs) provided after Plaintiff filed the first motion to compel, because (a) the responses do not contain documents from the filing cabinets and reveal that Defendants have failed to preserve documents, and (b) the responses are not specific to each request or item listed in the RFPs, 2) Defendant Johnny Chisholm Global Events, LLC's failure to supplement or correct discovery responses as required, because,

---

[1] Plaintiff's counsel contends that Defendants' counsel has also complained to her that he is not being paid by Defendants and has attempted to use this as a justification for his non-responsiveness (the court notes that Defendants' counsel has recently filed a motion to withdraw from representation of the Defendants on this basis (Doc. 60)) (*see* Doc. 61 at 3, 15).

although Defendant provided the original 2007 tax return, Defendant failed to provide the modified 2007 tax return and a 2008 return, 3) Defendants' failure to provide mortgage applications and related documentation which were listed on Defendants' initial disclosures, 4) Defendants' failure to disclose "critical witnesses" in initial disclosures, because Defendants failed to list Mike Young, a bookkeeper, and Angie Denmon and Cy Whitney, as well as "contact information for business advisors, insurance brokers, talent agents, mortgage brokers and Disney employees," 5) Defendants' failure to answer or otherwise object to Plaintiff's first set of interrogatories, served February 26, 2009, and 6) Defendants' failure to preserve electronically stored information (aserting that Defendants became aware of this lawsuit in December 2007, at the latest, but they have taken no action to preserve relevant documents since that time) (Doc. 61 at 6–16).

As relief, Plaintiff seeks an order striking Defendants' pleadings, contending that lesser sanctions are not warranted (*id.* at 16–19).

B.      Defendants' Response to Plaintiff's Second Motion to Compel

Defendants address each of the six categories of disclosures identified by Plaintiff (Doc. 68). First, regarding Defendants' recent disclosure of documents, Defendants note that while Plaintiff generally objects to this disclosure as being incomplete, Plaintiff fails to explain how the disclosure is incomplete.  Moreover, to the extent Plaintiff objects to Defendants' failure to produce all documents from the four filing cabinets, Defendants contend that the documents therein are not responsive to Plaintiff's requests and are not relevant to the issues raised in this action.  Furthermore, Defendants simply aver, that contrary to Plaintiff's assertion, the supplemental responses are indeed specific to each request or item listed in the RFPs.  Lastly, Defendants assert that they have no other documents responsive to Plaintiff's requests (*id.* at 1–3).  Second, as to Defendants Johnny Chisholm Global Events, LLC's modified 2007 tax return and 2008 tax return, Defendant states that the 2007 tax return has not yet been modified, and the 2008 return has not yet been prepared (*id.* at 3).  Third, regarding mortgage applications by Defendant Johnny Chisholm and documentation related thereto, Defendants acknowledge that these documents were listed on initial disclosures, but Defendants state they have now determined that such applications do not exist.  Defendants additionally contend that they have responded to several RFPs related to the mortgages and have produced appraisals on

the buildings, but they have no other documents regarding the applications, noting that it would not be reasonable to retain applications for mortgages that were denied.  Lastly, Defendants state that amended initial disclosures will be provided to Plaintiff, in which references to the mortgage applications will be deleted (*id.* at 3–4).  <u>Fourth</u>, Defendants admit that they failed to initially disclose the address of Mike Young and have yet to provide his phone number to Plaintiff. Defendants also admit that Angie Denmon and Cy Whitney were not disclosed, but "probably should have" been, but assert that Plaintiff has not been prejudiced by the failure to disclose their names and contact information (*id.* at 4).  <u>Fifth</u>, Defendants state they  "did not answer plaintiff's interrogatories and do not have a good reason why"; however, Defendants will provide answers by the close of business on June 12, 2009 (*id.* at 5).  <u>Sixth</u>, Defendants generally disputes when a duty, if any, to preserve electronic documents arose (*id.* at 4, 6).

III.    CONTROLLING LAW

The Federal Rules of Civil Procedure allow discovery of any relevant, non-privileged material that is admissible or reasonably calculated to lead to admissible evidence.  Fed. R. Civ. P. 26(b)(1).  The overall purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues in any civil action may be based on a full and accurate understanding of the true facts, and therefore embody a fair and just result.  *See* <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682 (1958).  Courts construe relevancy "broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case."  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S. 340, 351 (1978) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947)).  Relevant information is discoverable even if it is not admissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The Federal Rules of Civil Procedure strongly favor full discovery whenever possible.  *See id.*; <u>Moore v. Armour Pharmaceutical Co.</u>, 927 F.2d 1194, 1197 (11th Cir. 1991).  In addition, "discovery is not limited to issues raised by the pleadings."  <u>Oppenheimer</u>, 437 U.S. at 351.  Moreover, discovery is expected to be accomplished voluntarily with minimal judicial intervention.  *See* <u>Bell v. Brary and Gillespie, LLC</u>, No. 6:05-CV-355-ORL-19JG, 2006 WL 923741, *1 (M.D. Fla. 2006).

The Federal Rules provide that a party may serve written interrogatories on a party, related to any matter that may be inquired into under Rule 26(b). Fed. R. Civ. P. 33(a). The responding party must serve its answers and any objections within thirty (30) days, and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b). Thus, answers should be complete in and of themselves. Incorporation by reference to a separate document is not a responsive answer. *See* Dipietro v. Jefferson Bank, 144 F.R.D. 279, 282 (E.D. Pa. 1992) (noting general rule that answers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents) (citing 4 James Wm. Moore *et al.*, Moore's Federal Practice (2d ed. 1989)).

Similarly, the Rules provide that a party may serve requests for production of documents which are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand." Searock v. Stripling, 736 F.2d 650, 653 (11th Cir. 1984). The response, due within thirty (30) days of being served, shall state that inspection and related activities will be permitted as requested, unless the request is objected to, in which case the reasons for objection shall be stated. Fed. R. Civ. P. 34(b)(2). If the documents for production are not in existence, the objecting party should so state under oath. *See* Cairnes v. Chicago Exp., Inc., 25 F.R.D. 169, 170 (N.D. Ohio 1960). An evasive or incomplete answer to a request for production is to be treated as a failure to answer. Fed. R. Civ. P. 37(a)(4).

Additionally, Rule 33(b)(4) of the Federal Rules of Civil Procedure provides that "[a]ny ground [for an objection to an interrogatory] not stated in a timely objection [i.e., thirty days] is waived unless the court, for good cause, excuses the failure" (emphasis added). Rule 34 contains a similar requirement that objections to requests for production be timely and stated with reasons, and the Advisory Committee Notes to the 1970 Amendment state that this subdivision "is essentially the same as that in Rule 33 . . . ." Thus, as a general rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *See* In re United States, 864 F.2d 1153, 1156 (5th Cir. 1989). This is so even though a party had an objection to make. *See* Jaffe v. Grant, 793 F.2d 1182, 1190 n.6 (11th Cir. 1986) (objection based

on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); Peat, Marwick, Mitchell & Co. v. West, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product).

When a party fails to make required disclosures, the discovering party may move for an order compelling a response.  *See* Fed. R. Civ. P. 37.  Pursuant to the local rules of this court, motions to compel "shall (1) quote verbatim each interrogatory, request for admission, or request for production to which objection is taken, (2) quote in full the opponent's specific objection, and (3) state the reasons such objection should be overruled and the motion granted."  N.D. Fla. Loc. R. 26.2(B). Finally, motions to compel discovery under Rule 37 are committed to the sound discretion of the trial court.  *See* Commercial Union Ins. Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).  The trial court's exercise of discretion regarding discovery orders will be sustained absent a finding of abuse of that discretion to the prejudice of a party.  *Id.*

Within this framework, the court will address the issues raised in the instant motion to compel.  And, because the parties have characterized this dispute as involving six areas of discovery disclosures, the court will utilize the same characterizations.

IV.     DISCUSSION/CONCLUSIONS

A.     Defendants' Recent Disclosures

Initially, the court notes that these disclosures were provided <u>after</u> Plaintiff filed the first motion to compel (*see, e.g.,* Doc. 50), which as discussed more fully *infra*, likely entitles Plaintiff to an award of fees and expenses incurred in bring the first motion to compel.  *See* Rule 37(a)(5)(A).

i.     As to the substance of the recent disclosures, the court notes that Plaintiff has identified only one RFP (i.e., Request No. 27) to which he contends Defendants have provided an insufficient response (*see* Doc. 61 at 6–9).  The court therefore will address only this RFP.  *See* N.D. Fla. Loc. R. 26.2(B).  Request Number 27 to Defendant Johnny Chisholm Global Events, LLC requests "[a]ny and all documents reflecting any communications or transactions between Johnny Chisholm Global Events, LLC and Chisholm Properties Circuit Events, LLC from 2007 to the present" (Doc. 61 at 8).  Defendant did not object to the request and responded by stating "Defendant identifies and produces herewith the detailed Johnny Chisholm Global Events, LLC,

general ledger" (*id.*).  Because Defendant did not object to this RFP, any objection is waived.  *See, e.g.,* In re United States, 864 F.2d at 1156.  Moreover, the court concludes that Defendant's response is incomplete and non-responsive.  The request clearly calls for more than a "general ledger," as it specifically seeks the production of communications and transactions.  Therefore, with regard to RFP Number 27, Plaintiff's motion to compel is **GRANTED**.  Within **FOURTEEN (14) DAYS** of the date of docketing of this order Defendants shall provide documents responsive to Plaintiff's RFP Number 27.

        ii.        Although Plaintiff additionally objects to Defendants' supplemental responses on the ground that they are not specific to each request or item listed in Plaintiff's RFPs, Plaintiff has not identified or quoted verbatim any particular RFP (with the exception of No. 27, as discussed *supra*), or supplemental response thereto, that is objectionable.  Plaintiff has therefore failed to comply with Local Rule 26.2, and Plaintiff's motion to compel with regard to Defendants' supplemental responses, other than Defendants' response to RFP Number 27, is **DENIED**.

    B.      Failure to Supplement or Correct Discovery Responses Regarding Tax Returns

        Counsel for Defendant Johnny Chisholm Global Events, LLC has stated that the LLC's 2007 tax return has not yet been modified, and the 2008 return has not yet been prepared.  While the court would normally accept such an assertion as true (and would deny a motion to compel because the court cannot order a party to produce something that does not exist), the court is not convinced that Defendant's representation to its counsel is true.  Therefore, Defendant Johnny Chisholm, on behalf of Johnny Chisholm Global Events, LLC, shall be required to file an affidavit with this court, attesting to the fact that the 2007 tax return has not yet been modified and the 2008 return has not yet been prepared.  The affidavit shall be attached to a "Notice of Filing," filed by Defendant Chisholm's counsel, and the notice and affidavit shall be filed within **TEN (10) DAYS** of the date of docketing of this order.  Alternatively, and within the same time, the tax returns shall be provided to Plaintiff.  Thus, to the foregoing extent, Plaintiff's motion to compel is **GRANTED** with regard to the tax returns.

    C.      Failure to Provide Mortgage Applications and Related Documentation Listed on Defendants' Initial Disclosures

As with the tax returns, Defendants assert that they have provided all documents responsive to Plaintiff's requests, and the documentation Plaintiff seeks simply does not exist.[2] However, even if Defendants' assertion is true, Defendants are nevertheless required to obtain and provide the documents to Plaintiff because Defendants have the right to obtain the documentation. *See, e.g.*, Searock, 736 F.2d at 653 ("Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand.").  The pleadings reflect that the mortgage applications and related documentation were submitted by Defendants to Phil Coggins, George Cobia, and John Collings (*see* Doc. 61 at 11).  Plaintiff's motion with regard to the mortgage applications is therefore **GRANTED** to the following extent: Defendants shall obtain the relevant documentation from Phil Coggins, George Cobia, and John Collings (or their respective companies) and provide the documentation to Plaintiff within **FOURTEEN (14) DAYS** of the date of docketing of this order.[3] Additionally, within **TEN (10) DAYS** of the date of the docketing of this order, Defendants shall provide to Plaintiff the addresses and phone numbers for Phil Coggins, George Cobia, and John Collings; Defendants shall identify the companies these individuals worked for at the time the mortgage applications were submitted and provide to Plaintiff addresses for those companies;[4] and if the applications were submitted online, Defendants shall provide the website addresses used to process each application.

> D.  Defendants' Failure to Disclose "Critical Witnesses" (i.e., Mike Young, Angie Denmon, and Cy Whitney) and "Contact Information for Business Advisors, Insurance Brokers, Talent Agents, Mortgage Brokers and Disney Employees" in Defendants' Initial Disclosures

---

[2]Defendants' providing amended initial disclosures to Plaintiff, in which references to the mortgage applications will be deleted, does not obviate the need to provide the documents to Plaintiff because the same documents have been requested by Plaintiff in several RFPs (*see* Doc. 61 at 11).

[3]Plaintiff notes that he has tried to obtain the documents from at least two of these individuals via subpoenas, but he does not have accurate addresses for them, and no contact information has been provided by Defendants (*see* Doc. 61 at 11–12).

[4]With regard to the companies, Defendants' response shall not generally state, for example, "Regions Bank" and list a corporate address; Defendants must identify the branch and branch address at which an application was submitted.

Defendants admit that they failed to initially disclose the address of Mike Young and have yet to provide his phone number.  Defendants also admit that they should have, but did not disclose, the names and addresses of Angie Denmon and Cy Whitney.  Because Plaintiff has already deposed Ms. Denmon and Mr. Whitney, the court need not order Defendants to disclose their contact information.  Mr. Young, however, who is presumed by Plaintiff to be Defendants' bookkeeper, has apparently not been deposed or contacted by Plaintiff because Defendants have failed to provide the information necessary for Plaintiff to do so.   Therefore, with regard to Defendants' initial disclosures, Plaintiff's motion is **GRANTED in part**.  Within **TEN (10) DAYS** of the date of the docketing of this order, Defendants shall provide to Plaintiff contact information for Mike Young, including his address and phone number.  Moreover, because Defendants did not address in their response Plaintiff's contention that "contact information for business advisors, insurance brokers, talent agents, mortgage brokers and Disney employees" should have been initially disclosed by Defendants but was not disclosed, Plaintiff's motion shall be **GRANTED** with respect to these additional persons.  Therefore, within **TEN (10) DAYS** of the date of the docketing of this order, Defendants shall also provide to Plaintiff the names and addresses of Defendants' business advisors, insurance brokers, talent agents, and Disney employees,[5] as previously requested by Plaintiff.

      E.      Defendants' Failure to Answer Plaintiff's First Set of Interrogatories

Defendants admit that they failed to respond to Plaintiff's interrogatories, which were served on Defendants on or about February 26, 2009, and which therefore required Defendants to respond or object to the interrogatories by the end of March 2009.  Defendants, however, state that responses will be provided to Plaintiff on June 12, 2009, nearly two and a half months past the time responses were due.  This aspect of Plaintiff's motion needs no discussion.  Plaintiff's motion is **GRANTED** with regard to the interrogatories.  If Defendants failed to provide the responses on June 12 as promised, the responses shall be provided to Plaintiff on the business day following the day this order is entered on the docket.

      F.      Defendants' Failure to Preserve Electronically Stored Information

---

[5]Plaintiff's request for the names and contact information of "mortgage brokers" is not included in this section of the order because the brokers appear to be the same persons described in section IV.C, *supra*.

The court does not have enough information to address Plaintiff's final contention. Moreover, by virtue of the terms of this order, Defendants are required to provide additional documentation to Plaintiff, which may reveal whether pertinent information was preserved. Therefore, the court declines to take any action regarding Defendants' alleged failure to preserve evidence.

V.      SANCTIONS

The remaining issue is whether Plaintiff is entitled to an award of expenses.   Rule 37(a)(5)(A) provides, in relevant part:

> (A)  If the Motion [to Compel] Is Granted (or Disclosure or Discovery is Provided After Filing).  If the motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> > (iii) other circumstances make an award of expenses unjust.

In the instant case, the record establishes that Plaintiff conferred with Defendants before filing the first and second motions to compel, to no avail.  Moreover, Defendants have admitted to providing discovery to Plaintiff after the first motion to compel was filed, and presumably, as recently as June 12, 2009, after both the first and second motions to compel were filed. Furthermore, the court has determined that some of Defendants' late disclosures are insufficient, and it remains to be seen whether Defendants' responses to Plaintiff's first set of interrogatories are, or will be, sufficient.  Thus, Plaintiff is <u>likely</u> entitled to the fees and expenses incurred in bringing both motions to compel.  Defendants, however, will be given an opportunity to be heard on this issue before a ruling is made.

Accordingly, it is **ORDERED**:

1.        Plaintiff's Second Motion to Compel Defendants to Produce Documents Responsive to Plaintiff's Requests for Production, Plaintiff's Motion to Compel Defendants to Answer

Plaintiff's Interrogatories, and Plaintiff's Request for Entry of an Order for Sanctions Against Defendants (Doc. 61) is **GRANTED** to extent outlined in the body of this order.

2.     On or before **JUNE 26, 2009**, Plaintiff shall submit documentation of fees or expenses incurred in bringing the first and second motions to compel.  Within **TEN (10) DAYS** of receipt of Plaintiff's documentation, but no later than **JULY 6, 2009**, Defendants may, but are not required to, file a notice opposing sanctions, outlining any objection to the imposition of sanctions or to the reasonableness of the amounts claimed by Plaintiff, or both.

**DONE AND ORDERED** this 15th day of June 2009.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**