UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY DeFOREST,
                    Plaintiff,

v.

                                                    Case No. 3:08cv498/MCR/EMT

JOHNNY CHISHOLM GLOBAL EVENTS, LLC;
CHISHOLM PROPERTIES CIRCUIT EVENTS, LLC;
JOHNNY CHISHOLM, individually; and
BOBBY WARNER, individually,
                    Defendants.
_____/

## ORDER

        This matter has been referred to the undersigned for all pretrial proceedings, including the issuance of preliminary orders, conduct of necessary hearings, and—with respect to any dispositive motions—the filing of a report and recommendation containing proposed findings of fact and conclusions of law.[1] *See* N. D. Fla. Loc. R. 72.2(E); 28 U.S.C. § 636(b)(1)(B)(C), and Fed. R. Civ. P. 72(b).  Pending is the motion for default judgment filed by Plaintiff Ray DeForest against

---

        [1] In an order dated July 17, 2009 (Doc. 84), the district court granted the Motion for Leave to Withdraw as Attorney of Record filed by attorney Bruce Fehr, who had served as counsel for Defendants Johnny Chisholm Global Events, LLC; Chisholm Properties Circuit Events, LLC; and Johnny Chisholm, individually.  The court gave these Defendants thirty days in which to retain substitute counsel, stating that if counsel failed to appear within the allotted time the court would assume that the corporate Defendants had no intention of defending this action and that Johnny Chisholm was proceeding pro se.  No counsel has appeared on behalf of the Defendants within the time permitted.  Thus Johnny Chisholm proceeds pro se and the corporate Defendants presently have no representation.  Defendant Bobby Warner is also unrepresented but has filed a motion to quash service, which remains pending (Doc. 85).

Defendants Johnny Chisholm Global Events, LLC, and Chisholm Properties Circuit Events, LLC[2]
(Doc. 90).

A defaulted defendant is deemed to have admitted the complaint's well-pleaded allegations
of fact. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3]
The defendant, however, "is not held to admit facts that are not well-pleaded or to admit conclusions
of law." Id. Once the court makes the determination that default judgment is warranted, it may then
hold a hearing on damages. Anheuser-Busch, Inc. v. Philpot, 317 F.3d 1264, 1266 (11th Cir. 2003)
(citing Fed. R. Civ. P. 55(b)(2)). An "evidentiary hearing is not a per se requirement," however.
No hearing is needed when "all essential evidence is already of record." SEC v. Smyth, 420 F.3d
1225, 1232 n.13 (11th Cir. 2005). When the plaintiff's claim against a defendant is for a sum certain
or for a sum which can by computation be made certain, the court may rely on an affidavit of the
amount due to support entry of a default judgment. See Fed. R. Civ. P. 55(b)(1).

In his motion for entry of a default judgment, Plaintiff does not discuss the elements of each
of the five causes of action against Defendant Johnny Chisholm Global Events, LLC, or Chisholm
Properties Circuit Events, LLC, as to which he seeks judgment of default or show how the
well-pleaded allegations of the complaint establish each element of each cause of action.[4] Plaintiff
also has not provided any affidavits or other sworn statements establishing the "sum certain"
constituting his damages, actual or otherwise. Plaintiff's reference to "the record, including the
testimony and exhibits introduced at the hearing on Plaintiffs' Motion for Preliminary Injunction

---

[2] Although Plaintiff does not cite a procedural rule in support of his motion, under Rule 55
of the Federal Rules of Civil Procedure a defendant's failure to defend may result in default
judgment being entered against it upon proper motion of the plaintiff. See Fed. R. Civ. P. 55.

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh
Ciruit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down
prior to October 1, 1981.

[4] Ten of the eleven claims in the Third Amended Complaint name Defendant Johnny
Chisholm Global Events, LLC, and/or Defendant Chisholm Properties Circuit Events, LLC, as a
Defendant. Without poring through the docket, an exercise it finds unnecessary at this time, the
court cannot readily determine whether Plaintiff has officially abandoned five of his claims against
these Defendants or whether he simply has elected not to pursue all ten claims against them in his
motion for entry of default judgment.

on June 9, 2009 in the related case of *Bardfield and Carver v. Chisholm Properties Circuit Events, LLC, and Johnny Chisholm*, Case No. 309cv232/MCR/[EMT]" in support of his motion for default judgment is inadequate to support a recommendation by this court of entry of default judgment against either of the corporate Defendants (Doc. 90 at 2).

Before this court will consider Plaintiff's request for default judgment further, he shall be required to submit a supplemental memorandum in support of his motion that discusses the elements of each cause of action against Defendant Johnny Chisholm Global Events, LLC, and Defendant Chisholm Properties Circuit Events, LLC, as to which they seek default judgment and how the well-pleaded allegations of the complaint establish each element. In addition, Plaintiff may submit evidence, in the form of affidavits or other sworn statements, in support of his request for an award of damages in the amount of $525,000. If the court concludes that this evidence is sufficient to support the entry of default judgment, it will act accordingly; if it is not satisfied that the evidence it sufficient, it will schedule a hearing. With respect to Plaintiff's request for attorneys' fees in the amount of $87,165, if the court recommends an award of fees Plaintiff will be required to follow the procedure for determining the amount of fees set out in this district's Local Rules. *See* N.D. Fla. Loc. R. 54.1(E).

Plaintiff's failure to satisfactorily comply with this order will result in a recommendation to the district court that his motion for default judgment against Defendants Johnny Chisholm Global Events, LLC, and Chisholm Properties Circuit Events, LLC, be denied.

Accordingly, it is **ORDERED**:

1.      No later than **OCTOBER 5, 2009**, Plaintiff shall submit a supplemental memorandum in support of his motion for default judgment that discusses the elements of each cause of action against Defendants Johnny Chisholm Global Events, LLC, and Chisholm Properties Circuit Events, LLC, as to which Plaintiff seeks default judgment and how the well-pleaded allegations of the complaint establish each element. In addition, by this date Plaintiff may submit evidence, in the form of affidavits or other sworn statements, in support of his request for an award of damages.

2.      Plaintiff's failure to satisfactorily comply with this order will result in a recommendation to the district court that his motion for default judgment against Defendants Johnny

Chisholm Global Events, LLC, and Chisholm Properties Circuit Events, LLC, be denied.

**DONE AND ORDERED** this 22nd day of September 2009.


/s/ Elizabeth M. Timothy
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**