IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


RAY DeFOREST,
    Plaintiff,

v.                              Case No. 3:08cv498/MCR/EMT

JOHNNY CHISHOLM GLOBAL EVENTS, LLC;
CHISHOLM PROPERTIES CIRCUIT EVENTS, LLC;
JOHNNY CHISHOLM, individually;
and
BOBBY WARNER, individually,
    Defendants.
_____/

## **ORDER**

This cause is before the court upon Plaintiff's "Objection to Order Staying Entire Case" (Doc. 105). Plaintiff's objection shall be sustained, to the extent the stay of this case imposed in the court's order dated October 28, 2009 (Doc. 104), shall be lifted as to Defendants Johnny Chisholm and Bobby Warner only. The pending amended motion for entry of default judgment against Defendant Johnny Chisholm (Doc. 100) shall be reinstated. The undersigned shall address this motion separately at a later date in a Report and Recommendation to the district court. Defendant Warner's motion to quash service of process (Doc. 85) shall also be reinstated, as shall Plaintiff's motion to extend time for service of process on Defendant Warner (Doc. 97). The undersigned addresses the latter two motions below.

In its response to Defendant Warner's motion to quash (Doc. 86), Plaintiff apparently does not dispute Defendant Warner's assertions that service was not effected in strict compliance with

the applicable federal and state rules. Rather, Plaintiff contends that the motion should be denied and service deemed effective because Defendant Warner has received actual notice of this lawsuit; it has made a good-faith effort to effect service upon her but she has evaded service; and no prejudice will result to her by presuming effective service. In the alternative to denying the motion to quash, Plaintiff asks the court to order Defendant Warner "to provide an updated residential address or otherwise confirm where she actually resides" (*id* at 4).

Although Defendant Warner has not rebutted Plaintiff's factual allegations in support of its assertion that service should be deemed effective, the court has not directed Defendant Warner, who proceeds pro se, to respond. In light of this circumstance, as well as Plaintiff's apparent concession on the legal argument that service was not effected in strict compliance with applicable law, the court shall grant Defendant Warner's motion to quash. The court shall also, however, require Defendant Warner to provide a current address for service and permit Plaintiff additional time in which to effect service. If Defendant Warner fails to timely comply with the court's instruction to file a notice identifying her correct residential address, Plaintiff may approach the court to request that the issue of presuming effectiveness of service be revisited.

For the foregoing reasons, Defendant Warner's motion to quash service of process is granted, and the motion to extend time for service of process is also granted.

Accordingly, it is **ORDERED**:

1. Plaintiff's "Objection to Order Staying Entire Case" (Doc. 105) is **SUSTAINED**, to the extent the stay of this case imposed in the court's order dated October 28, 2009 (Doc. 104), is lifted as to Defendants Johnny Chisholm and Bobby Warner only.

2. Plaintiff's amended motion for entry of default judgment against Defendant Johnny Chisholm (Doc. 100) is **REINSTATED.** Defendant Warner's motion to quash service of process (Doc. 85) is also **REINSTATED**, as is Plaintiff's motion to extend time for service of process on Defendant Warner (Doc. 97).

3. Defendant Warner's motion to quash service of process (Doc. 85) is **GRANTED.**

4. No later than **December 29, 2009**, Defendant Warner shall file a notice with the court

providing her current residential address.

      5.      Plaintiff's motion to extend time for service of process on Defendant Warner (Doc. 97) is **GRANTED**. Plaintiff shall have **twenty (20) days** from the date Defendant Warner files her notice of current residential address in which to effect service of process upon Defendant Warner.

      **DONE and ORDERED** this 15th day of December 2009.

      /s/ *Elizabeth M. Timothy*
      **ELIZABETH M. TIMOTHY**
      **UNITED STATES MAGISTRATE JUDGE**