IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RAY DEFOREST,
      Plaintiff,

v.                            Case No. 3:08cv498/MCR/EMT

JOHNNY CHISHOLM GLOBAL EVENTS,
LLC and JOHNNY CHISHOLM, individually,
      Defendants.
_____/

## ORDER

On June 15, 2009, the undersigned issued an order granting in part and denying in part a motion to compel discovery responses filed by Plaintiff (*see* Docs. 61, 69).[1] The undersigned noted in the order that Plaintiff was "likely entitled" to the fees and expenses incurred in bringing the motion, as well as the fees and expenses incurred in bringing an earlier, related, motion to compel (*see* Doc. 69). Moreover, Defendants were provided with an opportunity to be heard on the issue of sanctions, including the propriety of sanctions and the reasonableness of the amounts claimed by Plaintiff (*id.*).

Now before the court is Plaintiff's "Notice," in which Plaintiff claims fees in the total amount of $11,520.00, based upon 38.40 hours of work performed on the motions to compel by two attorneys at the rate of $300.00 per hour, per attorney (Doc. 77). Defendants have responded to Plaintiff's notice and object both to the reasonableness of the time expended/claimed by Plaintiff's counsel and the hourly rate sought (Doc. 80). Defendants also note that many of the time entries listed by Plaintiff's counsel in support of the claim for fees are vague, and some reflect work that

---

[1] The circumstances surrounding the filing of Plaintiff's motion to compel (Doc. 61), which was actually the second motion to compel filed by Plaintiff and which is related to Plaintiff's first motion to compel (Doc. 43), are fully outlined in this court's order resolving the second motion (Doc. 69) and need not be repeated here.

would have been necessary regardless of whether a motion to compel was filed, including, for example, review of certain discovery materials provided by Defendants (Doc. 80). Defendants also point out that Plaintiff's second motion was granted only in part and argue that Plaintiff's counsel should, therefore, not be compensated for all time spent on the motions to compel.

In considering the instant matter, the court notes, initially, that upon Plaintiff's filing of the first motion to compel, the parties were advised in relevant part as follows:

> If the court is required to resolve any part of the discovery matter, the prevailing party, who will be determined by the court, will be awarded costs and expenses, including, but not limited to: (1) the time required to personally confer with opposing counsel, (2) the time required to file its discovery motion or response, and, if necessary, prepare for, travel to, and attend any hearing on the motion, and (3) the actual costs incurred for court reporting, travel, sustenance and/or accommodations for a hearing on the motion (if applicable) . . . .

(Doc. 45 at 2 ¶ 3). Thus, Defendants were clearly forewarned that sanctions would be imposed if the court was required to resolve any part of the discovery matter, as the court was required to do here.

Moreover, Rule 37(a)(5) provides, in relevant part:

> *If the Motion [to Compel] Is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

Fed. R. Civ. P. 37(a)(5)(C). Here, Plaintiff's second motion to compel was granted in part and denied in part. Specifically, in ruling on the second motion the court characterized the discovery dispute as involving six areas of discovery disclosures and addressed each area in turn (*see* Doc. 69). As to the first area, "Defendants' Recent Disclosures," the court first noted—without addressing the adequacy of the disclosures—that the disclosures were provided after Plaintiff filed the first motion to compel. Although the court was not required to order the disclosures, the fact that the disclosures were provided after Plaintiff filed the first motion to compel entitles Plaintiff to an award of fees. *See* Rule 37(a)(5)(A) ("If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay . . . attorney's fees," absent certain circumstances not applicable here).

Regarding the adequacy of "Defendants' Recent Disclosures," an issue raised by Plaintiff in the second motion to compel, the court granted relief to Plaintiff on only one disputed request for production, and Plaintiff's motion was denied as to the remaining issues (*see* Doc. 69 at 7–8).  As to the <u>third</u> area,[2] "Failure to Provide Mortgage Applications and Related Documentation Listed on Defendants' Initial Disclosures"; <u>fourth</u> area, "Defendants' Failure to Disclose 'Critical Witnesses' (i.e., Mike Young, Angie Denmon, and Cy Whitney) and 'Contact Information for Business Advisors, Insurance Brokers, Talent Agents, Mortgage Brokers and Disney Employees' in Defendants' Initial Disclosures"; and <u>fifth</u> area, "Defendants' Failure to Answer Plaintiff's First Set of Interrogatories," Plaintiff's motion was either granted (third and fifth areas) or granted in part (fourth area).

Thus, having granted in part and denied in part Plaintiff's second motion to compel, the court should apportion reasonable expenses and determine a reasonable award to Plaintiff.  While there is no exact science involved in determining a "reasonable" amount of time for which Plaintiff's counsel is properly awarded fees, the court concludes that 38.40 hours is excessive in the instant case.  The court notes that the first motion to compel (Doc. 43) is only eight pages in length and cites as support only one case (as well as various Federal and Local Rules) (*see id.* at 5–7).  While the second motion to compel is longer, at eighteen pages (*see* Doc. 61), the motion was only partially granted and did not involve complicated legal issues.  Moreover, the court agrees with Defendants that many of the entries included in the time records of Plaintiff's counsel would have been necessary regardless of when the documents were produced by Defendants or whether a motion to compel was necessary (for example, approximately 10.8 hours are included on Plaintiff's time sheets for "review" and/or "analysis," between April 27 and April 29, 2009, of documents produced by Defendants (*see* Doc. 77, Attach.)).  Thus, the court will subtract these hours from the total amount of hours claimed by Plaintiff, which results in 27.6 hours (38.40 - 10.8 = 27.6).

Of the remaining hours, the court notes that Plaintiff's counsel has combined multiple tasks

---

[2] Plaintiff's motion was effectively denied as to the <u>second</u> and <u>sixth</u> areas ("Failure to Supplement or Correct Discovery Responses Regarding Tax Returns" and "Defendants' Failure to Preserve Electronically Stored Information") (*see* Doc. 69 at 8, 10–11; Doc. 78), so those areas need not be discussed in this order, and no fees related to these areas will be awarded to Plaintiff.

in some time entries, although some tasks are not clearly compensable (as denoted by "strikeouts" in the following examples), including "Analysis [sic] outstanding deficiencies and ~~financial research~~" (2.7 hours), "Begin working on Motion to Compel; ~~Email opposing counsel regarding pending matters~~" (2.4 hours), and "~~Review file~~, list outstanding issues and prepare letter to opposing counsel regarding overdue discovery" (2 hours) (Doc. 77, Attach.).  Accordingly, the court will divide in half the remaining hours, which results in an award to Plaintiff based on 13.8 hours of time expended in matters related to the filing of both motions to compel (27.6/2 = 13.8).  The court finds this amount of time reasonable in light of the foregoing discussion/factors, including the relative simplicity of the legal issues involved, the fact that only partial relief was granted to Plaintiff, and the ambiguous nature of Plaintiff's time entries.

The remaining question concerns the reasonableness of the hourly rate claimed by Plaintiff's counsel.  Defendants contend that an hourly rate of $300.00 is not reflective of prevailing market rates in the Northern District of Florida and is supported only by the self-serving affidavits of Plaintiff's counsel.  Defendants suggest that a more appropriate figure is $200.00 per hour for Plaintiff's more-experienced counsel and $150.00 per hour for Plaintiff's less-experienced counsel. The court agrees with Defendants and concludes that an average of the hourly rates proposed by Defendants (i.e., $175.00) is an appropriate figure for this court's use.  *See, e.g.*, Smith v. Guthrie, Case No. 3:04cv321/RV/EMT, docs. 77, 86 (awarding fees for work performed in 2005 based on hourly rates of $205.00 and $110.00); Norris v. T and A American Car Care Center, Inc., Case No. 3:08cv353/ WS/EMT, doc. 51 (awarding fees for work performed in 2009 based on an hourly rate of $125.00, noting that although prevailing market rates may be higher, because the work was shared between two lawyers—one with more experience than the other—$125.00 per hour was reasonable). Thus, Plaintiff shall be awarded $2,415.00 ($175.00 x 13.8) for fees incurred in bringing the motions to compel.

Accordingly, it is **ORDERED**:

Within **TWENTY (20) DAYS** of the date of docketing of this order, Defendant Johnny Chisholm shall pay to Plaintiff's counsel the sum of $2,415.00.

**DONE AND ORDERED** this <u>4th</u> day of May 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**